UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DORIS HEATHMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:06-CV-1089 CAS |
| ) | |
| JANSSEN PHARMACEUTICA, L.P., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on review of the file. The case has taken a winding path back to this Court. The suit was originally filed in state court on August 25, 2005, against defendants Janssen Pharmaceutica, L.P. ("Janssen"), the manufacturer of the drug Risperdal, AstraZeneca Pharmaceuticals, L.P. ("AstraZeneca"), the manufacturer of Seroquel, Eli Lilly & Co. ("Lilly"), the manufacturer of Zyprexa, and four physicians, Drs. Gary Vickar, Aqeeb Ahmad, Michael Ernst, and David Goldmeier. The case was removed to this Court on July 18, 2006, based on diversity jurisdiction. Defendants AstraZeneca and Lilly then filed respective motions to stay the proceedings pending transfer to Multi District Litigation ("MDL") proceedings. This Court granted the motions on August 22, 2006. [Doc. 15] Claims in the case related to Zyprexa were then separated and transferred to be consolidated with MDL 1596, In Re Zyprexa Products Liability Litigation, and claims in the case related to Seroquel were separated and transferred to be consolidated with MDL-1769, In Re Seroquel Products Liability Litigation. The claims against Janssen and the physicians remained in this Court.

On August 30, 2006, Janssen moved that this case and five others be consolidated with numerous other cases pending against it in this district related to the drug Risperdal. The motion was

granted, and this case was consolidated with 4:05CV1923 HEA, a case pending before the Honorable Henry E. Autrey, for purposes of pretrial. On June 25, 2007, Judge Autrey, noting that the reasons for consolidation no longer existed, ordered that the case be returned to the undersigned's active docket for all further proceedings.

The Court has reviewed the file, including the pleadings and documents attached to the notice of removal, which were purportedly served during the state court proceedings. There are two issues that call for immediate attention. First, despite defendant AstraZeneca's assertion in the notice of removal that Dr. Aqeeb Ahmad was dismissed in the state court proceedings, there is no evidence of such in the exhibits attached to the notice.[1] In fact, Dr. Ahmad is listed as a remaining defendant on this Court's docket sheet, and he did answer plaintiff's complaint.[2] Because Dr. Ahmad is alleged to be a resident of Missouri, his presence as a home state defendant is a jurisdictional defect fatal to diversity jurisdiction in this removed action. Horton v. Conklin, 431 F.3d 602, 605 (8th Cir. 2005), Hurt v. Dow Chem. Co., 963 F.2d 1142, 1145-46 (8th Cir. 1992), Hinkle v. Norfolk Southern Ry. Co., 2006 WL 2521445, at *2 (E.D. Mo. Aug. 29, 2006), Carroll v. Gold Medal of Tenn., Inc., 869 F. Supp 745, 746 (E.D. Mo. 1994). Thus, the Court will give the parties ten days to show cause as to why this action should not be remanded to state court for lack of jurisdiction.

---

[1] The Court did find an unsigned and undated Order for Voluntary Dismissal as to Dr. Aqeeb Ahmad in Exhibit C, attached to the notice of removal.

[2] Defendants Drs. Gary Vickar and David Goldmeier were terminated as defendants as of December 23, 2005.

The second issue that requires immediate attention is service, or of lack thereof, on defendant Dr. Michael Ernst.[3] There is no evidence of service in the file, however, the Court is not convinced it has a complete copy of all that transpired in the state court proceedings. Therefore, the Court will grant plaintiff ten days to demonstrate that defendant Dr. Ernst has already been served in this mater, otherwise he shall be dismissed without prejudice for lack of service of process. See Rule 4(m), Fed. R. Civ. P.

Accordingly,

**IT IS HEREBY ORDERED** that the parties shall show cause by **July 11, 2007**, why this case should not be remanded for lack of diversity jurisdiction in a removed action.

**IT IS FURTHER ORDERED** that plaintiff shall show cause by **July 11, 2007**, why defendant Dr. Michael Ernst should not be dismissed without prejudice for failure to effect service of process.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   26th   day of June, 2007.

---

[3] Dr. Ernst is also alleged to be a resident of Missouri, so if indeed he has been served, then his presence would also defeat diversity jurisdiction in a removed action.